IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

EXXON CORPORATION and EXXON §
CHEMICAL PATENTS, INC., §
§
*Plaintiffs,* §
§ CIVIL ACTION NO. H-96-3795
v. §
§
MOBIL OIL CORPORATION and §
MOBIL CHEMICAL COMPANY INC., §
§
*Defendants.* §

## SUPPLEMENTAL FINDINGS AND CONCLUSIONS
## CONCERNING THE COURT'S FINDING OF EXCEPTIONAL CASE
## AND ORDER AWARDING ATTORNEYS' FEES

This Court's final judgment concluded that this case was "exceptional" under 28 U.S.C. § 285. The Court reached that conclusion based upon the clear and convincing evidence that Mobil engaged in a strategy of vexatious litigation. The Court finds, for example, that Mobil's contradictory claim interpretations evidences bad faith. It finds that Mobil's arguments concerning the alleged teaching of the Kaminsky patent was made in bad faith. It finds that Dr. Kissin's denial of copying and of possessing the European patent was made in bad faith. It finds that Mobil's denial of copying Exxon's invention was made in bad faith. It finds that Mobil's dropping of its many defenses, and then claiming that it dropped those many defenses because of this Court's time constraints, further evidences a vexatious litigation strategy and bad faith. These are examples, not an exhaustive list.

Because Mobil conducted itself in bad faith and engaged in vexatious litigation activity, the court finds an award of attorneys' fees to be appropriate.



The Court further finds that Exxon has demonstrated that Mobil is not entitled to a presumption, arising from the jury's verdict, that it did not copy Exxon's invention. The substantial evidence is to the contrary.

Exxon has submitted attorneys' fees and expenses less taxable costs totaling $ 10,652,339.00 . The Court finds an award of $ 9,423,829.55 bears a reasonable relationship to Mobil's bad faith. Accordingly, the Court awards Exxon attorneys' fees and expenses in the amount of $ 9,423,829.55 .

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE