

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

NOV 24 1998

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EXXON CORPORATION and EXXON CHEMICAL PATENTS, INC., | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO. H-96-3795 |
| | § | (JURY REQUESTED) |
| MOBIL OIL CORPORATION and MOBIL CHEMICAL COMPANY INC., | § § § | |
| *Defendants.* | § § | |

## AMENDED FINAL JUDGMENT

On August 11, 1998, the Jury returned its verdict on the Court's written questions. On the basis of the Jury's findings, the evidence at trial, the findings of this Court and the applicable law

It is ORDERED as follows:

1. This Court has jurisdiction over the subject matter of this action and of the parties. Venue is proper. Each plaintiff has standing.

2. U.S. Patent No. 5,324,800 issued June 28, 1994 (the "'800 patent").

3. Mobil did not prove the '800 patent is invalid under 35 U.S.C. § 102(a), (b), or (f), nor that it would have been obvious under 35 U.S.C. § 103, nor that it failed to meet the requirements of § 112.

4. Mobil did not prove that the '800 patent is unenforceable nor that Dr. Welborn, a co-inventor, Mr. Kurtzman, the patent attorney, nor any other individual associated with the filing or prosecution of the applications for the '800 patent committed inequitable conduct in obtaining that patent.

5. The 1981 Külper *diplomarbeit* is not a "printed publication" in terms of 35 U.S.C. § 102.

6. Mobil has directly infringed claims 1, 25, and 28 of the '800 patent by the manufacture, use and sale of the products listed on Ex. A hereto.

7. Mobil's processes for polymerizing olefins using the products identified on Ex. A infringe claim 3 of the '800 patent.

8. Mobil shall pay Exxon the sum of $171,000,000.00 together with prejudgment interest in the amount of $21,135,600 and post-judgment interest as provided by law as damages for Mobil's infringement of the '800 patent.

9. The Court finds that Mobil's infringement was not willful, nor that Mobil acted in bad faith. Accordingly, no enhancement of the jury's damage award is appropriate.

10. Mobil is permanently enjoined from infringing the '800 patent as set out in the accompanying Permanent Injunction Order, and shall obey all terms of that Order.

11. Mobil's First Amended Answer and Affirmative Defenses and Counterclaim to First Amended Complaint seeking certain declaratory relief are dismissed with prejudice.

12. The Court finds this case "exceptional" under 35 U.S.C. § 285.

13. Accordingly, as a prevailing party, Exxon is awarded costs pursuant to separate order and fees in the amount of $9,423,829.55.

It is so ORDERED.

Signed this 24th day of November, 1998.

_____
JUDGE KENNETH M. HOYT
United States District Judge

ClibPDF - www.fastio.com

# EXHIBIT A

## Mobil's Catalysts

1.     MAC-1;

2.     MAC-2;

3.     MAC-9E;

4.     MAC-4;

5.     MAXIS (bimetallic); and

6.     any other Mobil catalyst made by combining a substituted metallocene within the formulae in the '800 patent and an alumoxane;

regardless of whether any of the above listed and described catalysts are prepared using the experimental, dry impregnation or wet impregnation method.

ClibPDF - www.fastio.com